IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| AKEEM R. SIMMONS, | : | |
| --- | --- | --- |
| | : | 4:09-cv-1686 |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| MICHAEL BARONE, *et al.*, | : | |
| | : | |
| Respondents. | : | |

# MEMORANDUM

## July 13, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc.14), filed on June 21, 2010, which recommends that the petition of Akeem R. Simmons ("Petitioner" or "Simmons"), for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. No objections to the R&R have been filed by any party.[1]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by July 8, 2010.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. PROCEDURAL/FACTUAL BACKGROUND

Petitioner an inmate at the State Correctional Institution Forest ("SCI-Forest") filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 31, 2009. (Doc. 1). Petitioner challenges his December 14, 2005 conviction for Aggravated Assault, Resisting Arrest, Possession with

Intent to Deliver a Controlled Substance, and Possession of Drug Paraphernalia in the Dauphin County Court of Common Pleas. Petitioner received a prison sentence of 5 to 10 years.

Petitioner raises four claims in the instant petition, all of which relate to the trial court's denial of his motion to suppress evidence.[2] The petition is timely filed and all of the claims have been exhausted by Petitioner.

## III. DISCUSSION

Magistrate Judge Blewitt correctly recommends that the petition be denied because, under *Stone v. Powell*, 428 U.S. 465 (1976), federal courts are barred from reviewing claims for habeas relief under the Fourth Amendment. *Stone* holds that "[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. The claims presented by Petitioner in the instant petition all relate to the suppression issues in the underlying criminal case. Pursuant to *Stone*, we are unable to hear Petitioner's claims.

---

[2] The claims are described fully by Magistrate Judge Blewitt at page 2 of the R&R, which is attached hereto.

As we have already mentioned, neither Respondents nor the Petitioner have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.